IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

SHAWN P. WINFREE,

    **Plaintiff,**

v.                                                                 Case No. 2:16-cv-06332

SOUTH CENTRAL REGIONAL JAIL, et al.,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to a Standing Order (ECF No. 4), this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). Pending before the court are the following motions: a Motion to Dismiss filed by defendants Roop and the South Central Regional Jail (hereinafter "the Regional Jail Defendants") (ECF No. 16); a Motion to Dismiss filed by defendants PrimeCare Medical, Inc. and Nurse Shawanna (hereinafter "the PrimeCare Defendants"); and a Motion to Dismiss for Failure to Prosecute filed by the Regional Jail Defendants (ECF No. 22), in which the PrimeCare Defendants have moved to join (ECF No. 24).

## PROCEDURAL HISTORY

On July 14, 2016, the plaintiff filed a Complaint (ECF No. 2), alleging that Officer Roop, a correctional officer at the South Central Regional Jail ("SCRJ"), and Nurse Shawanna, an employee of PrimeCare Medical, Inc., the contracted medical provider at

the SCRJ, shared his medical information with other inmates on his section, after he was falsely diagnosed with Hepatitis B. (ECF No. 2 at 4-5). Specifically, the plaintiff alleges that, on June 9, 2016, he was moved to a lockdown section of the SCRJ per PrimeCare Medical Inc.'s directive. While housed in the lockdown section, he asked Officer Roop why he had been placed there, and Roop allegedly stated that it was because he had tested positive for Hepatitis B. (*Id.*) This disclosure was allegedly overheard by, or made to, an inmate in a nearby cell, and such disclosure was allegedly repeated by Nurse Shawanna (who, according to her Motion to Dismiss, is Shawanna Bradshaw) while she was dispensing medication in that section. (*Id.* at 5). The plaintiff further alleges that these disclosures caused him "issues with every inmate in the section." (*Id.* at 4). The Complaint seeks the following relief:

> I'm asking for compensation for pain & suffering, mental anguish, deplumation [sic; defamation] of character, slander. Because I had gotten into fights cause of what these staff caused me and now have to be housed in a PC section where I'm in a cell 23 hours a day. And my hippa [sic; HIPAA] law rights was violated. When I had sent grievances to the medical administrator and she told me she'd be down to the section to speak with me over this matter and never did. And when I had medical have bloodwork and labs re-drawn they came back negative and the chronic care doctor said I never had it to begin with and he wasn't the one that posted the note saying I did or ever had it. So that's medical mile practice [sic; malpractice] on PrimeCare Medical staff and for all of the issues they caused me!

(*Id.* at 5-6).

According to the docket sheet, the plaintiff was subsequently transferred to the Western Regional Jail ("WRJ"). On April 4, 2017, the undersigned entered an Order granting the plaintiff's Application to Proceed Without Prepayment of Fees and Costs and directed that service of process be attempted on the defendants by certified mail, return receipt requested, with delivery restricted to the addressee. (ECF No. 10). However, all of the summonses were signed for by a "Billy Hinamon." (ECF Nos. 12-15). On April 21,

2017, the Regional Jail Defendants filed their initial Motion to Dismiss (ECF No. 16) and a Memorandum of Law in support thereof (ECF No. 17). On May 1, 2017, the PrimeCare Defendants filed their initial Motion to Dismiss (ECF No. 19) and Memorandum of Law in support thereof (ECF No. 20).

As noted on the docket sheet, however, on April 27, 2017, the copy of the undersigned's April 4, 2017 Order that had been mailed to the plaintiff at the WRJ was returned as undeliverable, stating "no longer in this facility." (ECF No. 18). A search of the inmate locators on the websites of the West Virginia Regional Jail and Correctional Facilities Authority and the West Virginia Division of Corrections was also fruitless, indicating that the plaintiff was not in the custody of either state agency. Furthermore, the plaintiff has not provided updated contact information to the court and defendants as required by Local Rule 83.3 of the Local Rules of Civil Procedure for the United States District Court for the Southern District of West Virginia. Thus, his whereabouts are unknown.

On November 14, 2017, the Regional Jail Defendants filed a second Motion to Dismiss (ECF No. 22) and Memorandum of Law (ECF No. 23), requesting that the presiding District Judge dismiss this civil action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute this matter. On November 15, 2017, the PrimeCare Defendants filed a Motion for Joinder in the Regional Jail Defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 24).

## ANALYSIS

### A.    This matter should be dismissed for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action for the plaintiff's failure to prosecute or to comply with the court's rules or orders.

*See Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *see also McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). However, in determining whether such a harsh sanction is appropriate, the court must balance the following factors:  (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).

It was the plaintiff's responsibility to notify the court of his release from custody and to provide updated contact information, which he failed to do, and he has not communicated in any way concerning this case for over a year.  Thus, it appears that the plaintiff no longer wishes to pursue this matter and he is wholly responsible for the inability of this matter to progress.  Additionally, because the court and the parties have no way of locating the plaintiff, the defendants are greatly prejudiced in their ability to defend this matter.   Thus, dismissal appears to be the only appropriate sanction.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff has wholly failed to prosecute this civil action.

### B.   This matter should also be dismissed for failure to state a claim upon which relief can be granted.

Alternatively, a dismissal on the merits for failure to state a claim is also warranted in this matter.  As addressed in the defendants' motions, the plaintiff's Complaint, liberally construed, appears to allege violations, by Officer Roop and Nurse Shawanna, of his rights under the Health Insurance Portability and Accountability Act of 1996

("HIPAA"), 42 U.S.C. § 1320d, and, potentially, his right to privacy under the Fourth or Fourteenth Amendments of the United States Constitution. The Complaint may also be liberally construed to allege state law claims of defamation against Office Roop and Nurse Shawanna and medical malpractice against PrimeCare Medical, Inc. Although not specifically alleged, PrimeCare Medical, Inc. has also addressed the allegations in the Complaint as a claim of deliberate indifference to a serious medical need. However, none of these claims may proceed.

In *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true, and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

5

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

556 U.S. at 678-79. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct." *Id.* at 678. Using this standard, the undersigned will address each potential claim in turn.

### *HIPAA claim*

HIPAA governs the confidentiality of medical records and regulates how and under what circumstances "covered entities" may use or disclose an individual's "protected health information." "Covered entities" consist of (1) health plans; (2) health care clearinghouses; or (3) health care providers who electronically transmit any health care information in connection with a transaction covered by the Act.[1] *See* 45 C.F.R. § 160.103.

However, as addressed in both of the initial Motions to Dismiss filed herein, there is no private right of action that could support the filing of a civil lawsuit under HIPAA. Rather, the statute provides for civil and criminal penalties that may be imposed on persons who improperly handle or disclose individually identifiable health information, and enforcement proceedings may only be initiated by the Secretary of Health and Human Services, or authorized state authorities. *See Logan v. Dep't of Veterans Affairs*, 357 F. Supp.2d 149, 155 (D.D.C. 2004); see also 42 U.S.C. §§ 1320d-d-8 and 300gg-22. Therefore, because the plaintiff may not bring an individual civil lawsuit for an alleged

---

[1] The SCRJ and defendant Roop, who are not "health care providers," do not qualify as "covered entities" subject to HIPAA's requirements.

6

violation of HIPAA, the Complaint fails to state a claim upon which relief can be granted by this federal court with respect to the alleged HIPAA violation.

### *Privacy claim*

As further argued in the defendants' initial Motions to Dismiss, there is no recognized constitutional right to privacy in inmate medical records. *See, e.g., Moore v. Mabis*, 976 F.2d 268, 271 (5th Cir. 1992) (affirming dismissal of a claim asserting a violation of an inmate's privacy rights from the publication of his medical condition); *Sherman v. Jones*, 258 F. Supp. 2d 440, 444 (E. D. Va. 2003) (Neither the Supreme Court, nor the Fourth Circuit has recognized a right to privacy in inmate medical status). Therefore, the plaintiff's Complaint fails to state any plausible federal constitutional claim for violation of his privacy rights stemming from the disclosure of his medical status.

### *Deliberate indifference and medical malpractice claims*

Although not specifically pled in the Complaint, the PrimeCare Defendants' initial Motion to Dismiss further asserts that the Complaint fails to state any plausible claim of deliberate indifference to a serious medical need under the Eighth Amendment.[2] The PrimeCare Defendants assert that, to state such a claim, a plaintiff must demonstrate that a defendant acted with deliberate indifference to a serious medical need; that is, a need that has been diagnosed by a physician as mandating treatment, or that was so obvious that even a lay person would understand that medical attention was necessary. The PrimeCare Defendants emphasize that mere negligence is insufficient to rise to that level and that, at best, the plaintiff herein has alleged that the conduct of the PrimeCare

---

[2] The undersigned notes that, because the plaintiff appears to have been a pre-trial detainee, such a claim is appropriately addressed under the due process clause of the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Hill v. Nicodemus*, 979 F.2d 987, 990 (4th Cir. 1992). Nevertheless, the standard for analysis of such a claim is similar to that under the Eighth Amendment, which is applicable to sentenced prisoners.

Defendants in misdiagnosing him with Hepatitis B was negligent, constituting medical malpractice. While the undersigned does not read the Complaint to be asserting a deliberate indifference claim, the allegations therein do not support such a claim.

Additionally, to the extent that the conclusory allegations in the plaintiff's Complaint can be construed to be alleging a claim of medical malpractice against PrimeCare Medical, Inc., or any of its employees, such allegations, as pled, are also insufficient to establish a plausible claim for relief.[3] Moreover, the plaintiff has not demonstrated compliance with the pre-filing requirements of the West Virginia Medical Professional Liability Act ("MPLA"), W. Va. Code § 55-7B-6, which is a threshold condition to proceed with a medical malpractice claim in either state or federal court. *See Stanley v. United States*, 321 F. Supp.2d 805, 807 (N.D. W. Va. 2004); *see also Gaylor v. Dagher*, Case No. 2:10-cv-00258, 2011 WL 482834, 2011 U.S. Dist. LEXIS 12400 (S.D. W. Va., Jan. 14, 2011) (unpublished); *Motto v. Correctional Medical Services,* Case No. 5:06-cv-00163, 2007 WL 2897854, 2007 U.S. Dist. LEXIS 72436 (S.D. W. Va. Sept. 27, 2007) (unpublished decision) (The MPLA requires a plaintiff to provide a pre-suit Notice of Claim and Certificate of Merit to each medical professional who is being sued).

### *Defamation claim*

Finally, although not addressed in the defendants' motions, the "Relief" section of the Complaint summarily asserts that the plaintiff seeks compensation for defamation and slander (an oral form of defamation). To state a claim of defamation under West Virginia law, a plaintiff must allege the following six elements: "(1) defamatory statements; (2) a nonprivileged communication to a third party; (3) falsity; (4) reference

---

[3] "'In a malpractice case, the plaintiff must not only prove negligence, but must also show that such negligence was the proximate cause of the injury.'" *Dellinger v. Pediatrix Medical Group, P.C.*, 750 S.E.2d 668, 676 (W. Va. 2013) (quoting Syl. Pt. 4, *Short v. Appalachian OH-9, Inc.*, 507 S.E.2d 124 (W. Va. 1998).

to the plaintiff; (5) at least negligence on the part of the publisher; and (6) resulting injury." *Belcher v. Wal-Mart Stores, Inc.*, 568 S.E.2d 19, 26 (W. Va. 2002), *citing Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70, 77 (W. Va. 1983). The plaintiff's conclusory statements in the Complaint are insufficient to give rise to a plausible claim of defamation.

Accordingly, for all of these reasons the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted, and is subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motions to Dismiss (ECF Nos. 16, 19 and 22) and the PrimeCare Medical Defendants' Motion for Joinder in the Regional Jail Defendants' Second Motion to Dismiss (ECF No. 24), and **DISMISS** this civil action, with prejudice, pursuant to Rules 12(b)(6) and 41(b) of the Federal Rules of Civil Procedure.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(C), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing parties and Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff at the Western Regional Jail, which is his last known address, and to transmit a copy to counsel of record.

January 16, 2018

Dwane L. Tinsley
United States Magistrate Judge